IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| JOSEPH T. MUIGAI, | * |
| Plaintiff, | * |
| v. | *   Case No.: GJH-15-2559 |
| ROGER SCHLOSSBERG, *et al.*, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

The above-entitled Complaint was filed on August 28, 2015, together with the full $400 filing fee. Plaintiff seeks damages "in excess of one million dollars" against each of the named Defendants for their role in the litigation of a bankruptcy matter. *See* ECF No. 1. Although Plaintiff asserts that his claim raises a civil rights violation, none of the named Defendants appear to be state actors. Other causes of action offered as a basis for the Complaint reference federal criminal statutes for mail and wire fraud, *id.* at ¶ 1, but provide no factual basis for a finding of fraud. Additionally, there is nothing in the Complaint describing how the alleged conduct of the Defendants caused a legally cognizable injury to Plaintiff which cannot be addressed through appellate review of the bankruptcy court's decision in the underlying case. The sole allegation relates to the fact that Defendants filed a Motion to Dismiss in the bankruptcy matter, the presiding judge required service on a party in that matter, and Plaintiff disagreed with the manner in which the matter was ruled upon.[1] *Id.* at ¶¶ 10–22.

---

[1] Plaintiff does not provide the dates on which any of the events described took place, nor does he provide the case number for the underlying bankruptcy proceeding. *See* ECF No. 1.

Plaintiff is neither a prisoner nor is he proceeding in forma pauperis. Thus, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2006) permitting sua sponte dismissal of complaints which fail to state a claim are inapplicable. *See Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000); *Porter v. Fox*, 99 F.3d 271, 273 n.1 (8th Cir. 1996). But this Court has the inherent authority to dismiss frivolous complaints even when the filing fee has been paid. *See, e.g., Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *see also Fitzgerald v. First E. Seventh St.*, 221 F.3d 362, 364 (2d Cir. 2000). Additionally, this Court lacks subject matter jurisdiction over a frivolous claim, making dismissal prior to service permissible. *See Ricketts v. Midwest Nat'l Bank*, 874 F. 2d 1177, 1181–83 (7th Cir. 1989); *Franklin v. Oregan State Welfare Division*, 662 F. 2d 1337, 1342–43 (9th Cir. 1981).

Even if Plaintiff's assertion that the bankruptcy proceedings were improperly decided is correct, the instant claim for damages against these Defendants is not the appropriate legal remedy. Where a party is aggrieved by a decision issued in a legal proceeding, the remedy is appellate review of the decision. Initiation of a separate cause of action for damages against the attorneys involved in the litigation and the party required to be served by the court thwarts the appellate review process. Accordingly, the instant Complaint will be dismissed without prejudice. A separate Order follows.

Dated: September 17, 2015

GEORGE J. HAZEL
United States District Judge